IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HSBC BANK USA, N.A.** *As Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1*             *Plaintiff*, <br><br> v. <br><br> **ANDRES JALON and REGENNA A. JALON,**             *Defendants*. | : <br> : <br> : <br> : <br> : <br> : <br> : CIVIL NO. 22-4292 <br> : <br> : <br> : <br> : |

## MEMORANDUM OPINION

**Scott, J.**                                **September 29, 2023**

In removing this mortgage foreclosure action from the state court in Montgomery County, Pennsylvania, the defendants Andres and Regenna Jalon contend that the federal court has subject matter jurisdiction based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332. Although the complaint asserts only a state law claim, the Jalons contend that there is federal question jurisdiction because they are asserting a counterclaim against HSBC Bank USA, N.A. ("HSBC") under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"), which is a federal statute. They also contend that this court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds the jurisdictional minimum.

Because the claims in the complaint are based entirely on state law, there is no federal question jurisdiction; and because the Jalons are forum defendants, they are prohibited from removing the action to this court based on diversity jurisdiction under 28 U.S.C. § 1441(b)(2). Therefore, this action shall be remanded to the state court.

## BACKGROUND

*Proceedings in State Court*

In November, 2017, plaintiff HSBC brought a mortgage foreclosure action in the Court of Common Pleas of Montgomery County, Pennsylvania, against the Jalons (hereinafter, "the State Foreclosure action").[1] HSBC alleges that in 2006, Andres Jalon executed and delivered a note to HSBC's assignor in consideration of a loan in the amount of $364,500.00. *See* HSBC's Compl. ¶¶ 4, ECF No. 4-2. To secure the note, the Jalons executed and delivered a mortgage, which secured the Jalons' residence in Montgomery County. *Id.* ¶¶ 5–6. In September, 2011, HSBC became the mortgagee by way of assignment. *Id.* ¶ 6. HSBC alleges that since September of 2010, payments of principal and interest on the loan were not paid, rendering the note and mortgage in default. *Id.* ¶ 7. It seeks an *in rem* judgment against the Jalons for the foreclosure and sale of the property. *Id.*, *ad damnum* clause (following ¶ 9).

Between 2018 and 2020, the parties litigated preliminary objections to the pleadings, discovery motions, and a motion for summary judgment. *See generally* the State Foreclosure action docket, ECF No. 4-1. After HSBC filed several praecipes to list the matter for trial, a pre-trial conference took place on November 12, 2020, and a bench trial was scheduled to take place on November 17, 2020. *See* ECF No. 4-77. On November 12, 2020, HSBC filed a motion for extraordinary relief for a continuance of the trial because, under the CARES Act enacted during COVID, a foreclosure moratorium was placed on all federally backed mortgage loans since March

---

[1] *See HSBC Bank USA, N.A., as Trustee for the Holders of the Ellington Loan Acquisition Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, c/o Nationstar Mortgage LLC d/b/a Mr. Cooper v. Andres Jalon and Regenna Jalon*, Case No.: 2017-26360, Court of Common Pleas of Montgomery County, Pennsylvania (filed Nov. 6, 2017).

18, 2020. *See* ECF No. 4-78.[2]  The case did not get rescheduled for a pre-trial conference until April, 2022, and that conference was continued until August 17, 2022. *See* ECF Nos. 4-86, 4-88, 4-90, 4-91, 4-92,  On August 16, 2022, the pre-trial conference was canceled, and on August 26, 2022, it was rescheduled to take place on October 26, 2022. *See* ECF Nos. 4-93, 4-94.

*Proceedings in Federal Court*

On October 10, 2022, the Jalons filed a lawsuit in federal court against HSBC, Bank of America ("BOA") (the loan originator), and Wilshire Credit Corp. (the mortgage servicer), asserting claims under RICO. *See Andres Jalon and Regenna A. Jalon v. Bank of America, Wilshire Credit Corp. and HSBC Bank*, Civ. A. No. 22-4039 (E.D. Pa.) (hereinafter, "the RICO action"). The complaint in the RICO action (hereinafter, the "RICO Complaint") alleges that the defendants conspired to defraud the Jalons and other borrowers like them by stalling and hindering the loan modification process and misleading borrowers to prevent those eligible for permanent loan modifications from receiving them. RICO Compl. ¶¶ 17–18, 69, 76–81, ECF No. 1. The Jalons claim that once HSBC was assigned the mortgage, it ignored the Jalons' valid, pre-existing loan modification agreement they had reached with BOA, and instead raised their monthly mortgage payments. *Id.* ¶¶ 57–66. They allege that the defendants participated in this scheme to enable them to bring unlawful foreclosure actions against the Jalons and other borrowers. *Id.* ¶¶ 67, 69, 78–81, 91–95, 102–107.

Two weeks after filing the RICO Complaint, the Jalons filed a Notice of Removal in that action. *See* ECF No. 3, filed Oct. 25, 2022, Civ. A. No. 22-4039 (hereinafter, "the RICO Removal

---

[2] Although the note and mortgage at issue were not federally backed, HSBC voluntarily elected to follow the provisions of the CARES Act.

Notice"). The RICO Removal Notice, which is titled "Notice of Removal and Consolidation of State Court Action to United States District Court," purports to remove the State Foreclosure action to federal court. It sets forth two bases for removal jurisdiction. First, the Jalons contend that there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 because their counterclaim to the State Foreclosure action is a RICO claim, which is a federal cause of action. Second, they assert that there is diversity jurisdiction because the plaintiff HSBC is a citizen of Virginia, the Jalons are Pennsylvania citizens, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00.

One day after filing the RICO Removal Notice, the Jalons instituted this action by filing a Notice of Removal (hereinafter, "the Second Jalon Removal Notice"). *See* ECF No. 1, filed Oct. 26, 2022. Except for the caption, the two removal notices are identical. Specifically, the caption of the Second Jalon Removal Notice lists HSBC as the plaintiff and the Jalons as the defendants, while the caption of the RICO Removal Notice lists the Jalons as the plaintiffs and HSBC, along with Bank of America, Wilshire Credit Corp. and Urban Settlement Solutions, as the defendants.[3]

On November 17, 2022, HSBC filed a Motion to Remand the RICO action to the state court. *See* ECF No. 5 in the RICO action.[4] In its motion, HSBC argues that there is no federal question jurisdiction because the state court complaint seeks exclusively state court remedies, and a counterclaim or defense based on federal law cannot provide a basis for federal question jurisdiction. It also contends that there is no diversity jurisdiction because the Jalons are citizens of the state in which the action was brought, so removal is prohibited under the forum defendant

---

[3] On the captions of both removal notices, the Jalons refer to HSBC as "Plaintiff/Counterclaim Defendant," and refer to themselves as "Defendants/Counterclaim Plaintiffs."

[4] Notably, HSBC did not file a motion to remand in the instant action.

rule, codified at 28 U.S.C. § 1441(b)(2).

The Jalons filed a brief in opposition to the Motion to Remand. *See* ECF No. 8 in the RICO action. In their opposition, they only address their contention that their counterclaim to the State Foreclosure action provides federal question jurisdiction. They do not respond to HSBC's contention that removal is prohibited by the forum defendant rule.

## DISCUSSION

### *Standard of Review*

Consistent with the court's "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), the court must remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A defendant removing a case from state court under § 1331 or § 1332 bears the burden of demonstrating federal jurisdiction. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) (citing *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)). Additionally, removal statutes are strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

### *Federal Question Jurisdiction*

A defendant may remove a civil action from state court where there is a federal question. *Smith v. Indus. Valley Title Ins. Co.*, 957 F.2d 90, 92 (3d Cir. 1992) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); 28 U.S.C. §§ 1331 & 1441. To confer federal question

jurisdiction, the claim must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006).

Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists only when a federal question is presented "on the face" of the complaint. *Berne Corp. v. Gov't of The Virgin Islands*, 570 F.3d 130, 136 (3d Cir. 2009) (quoting *Caterpillar*, 482 U.S. at 392). The plaintiff's "statement of his own cause of action" must arise from or be grounded upon federal law. *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). This "rule makes plaintiff[s]" the "masters of their claims." *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022) (quoting *Caterpillar*, 482 U.S. at 392) (internal citations omitted). Consequently, federal jurisdiction cannot be based on an actual or anticipated defense or counterclaim. *Vaden*, 556 U.S. at 60 (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830–32 (2002)); *Caterpillar*, 482 U.S. at 393 ("[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint.").

Here, there is no federal question on the face of the complaint. HSBC's cause of action is based entirely on state law claims for foreclosure of the mortgage and note and is not grounded upon any federal law. The Jalons frame their RICO allegations in the RICO action as a "counterclaim" to the State Foreclosure action to invoke the court's federal jurisdiction over HSBC's Complaint. However, the well-pleaded complaint rule bars federal jurisdiction on the basis of an actual or anticipated federal defense or counterclaim to a state law claim.

"Most federal-question cases allege violations of the Constitution, federal statutes, or federal common law." *City of Hoboken*, 45 F.4th at 707; *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation omitted). In a "slim" category of cases, however, federal question jurisdiction

over a state law claim may exist if the complaint shows that the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

Here, HSBC's right to relief does not depend on the resolution of a substantial question of federal law. Resolving the state law issues of mortgage foreclosure raised in the complaint does not require a finding that the defendants violated any federal laws. Nor is the application or interpretation of federal law necessary. Thus, this case does not fit into the slim category of cases where a substantial federal issue is present such that the state law claim creates federal question jurisdiction.

Because the complaint does not allege any cause of action arising under federal law, the Jalons have failed to demonstrate that the HSBC's complaint presents a federal question sufficient to support jurisdiction under 28 U.S.C. § 1331.

*Diversity Jurisdiction*

To establish diversity jurisdiction, the opposing parties must be citizens of different states and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. There is no dispute that the parties are diverse: HSBC is a citizen of Virginia and the Jalons are Pennsylvania citizens. However, under the forum defendant rule, a civil action cannot be removed to federal court on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

A violation of the forum defendant rule is a procedural defect in the removal. *Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995). Ordinarily, a

district court is not authorized to remand an action *sua sponte* based on a procedural defect. *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003) (citing 28 U.S.C. § 1447(c)) ("The statute is clear that, if based on a defect other than jurisdiction, remand may only be effected by a timely motion."); *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000) (A timely "motion made by a party is essential to a remand under the first sentence of section 1447(c)") (citation and internal quotation marks omitted).

However, the court will take judicial notice of HSBC's Motion to Remand that was timely filed in the RICO action and deem it to have been timely filed in the instant action. Because the RICO Removal Notice was filed two days *before* the Second Jalon Removal Notice was filed in this action, it is likely that there was some confusion and HSBC thought that it had moved to remand this action as well. In any event, because the removal notices are identical, the Jalons had notice of HSBC's objections to the removal. Additionally, they filed an opposition brief to the motion. Therefore, the Jalons will not be unduly prejudiced by the court crediting HSBC as having preserved its objections to both removals.

As HSBC points out in its Motion to Remand, because the Jalons are citizens of Pennsylvania, and HSBC's underlying foreclosure action was brought in a state court in Pennsylvania, the Jalons were not permitted to remove the action to a federal court in their home state. Therefore, the removal of this action is a violation of § 1441(b)(2)'s forum defendant rule, warranting remand of the action to the state court.[5]

---

[5] The Notice of Removal has an additional defect: it was untimely filed. To remove a civil action from the state court, the defendant must file the notice of removal within thirty days of receipt of the initial pleading or within thirty days of receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019) (citing 28 U.S.C. §§ 1446(b)(1) and (3)). Additionally, in diversity cases, removal may not occur "more than 1 year after the commencement of the action." 28 U.S.C. § 1446(c)(1).

## CONCLUSION

The Jalons have not met their burden of establishing federal jurisdiction over the complaint. Because the claims in the complaint arise out of state rather than federal, law, there is no federal question jurisdiction. Because the Jalons are forum defendants, they are prohibited from removing the action to this court based on diversity jurisdiction under 28 U.S.C. § 1441(b)(2). Therefore, the court will remand this action for lack of subject matter jurisdiction.

**BY THE COURT:**

/s/ Kai N. Scott
**HON. KAI N. SCOTT**
**United States District Court Judge**

---

As HSBC notes in its Motion to Remand, the Removal Notice was filed more than four years after the Jalons were served with HSBC's Complaint. Thus, the Jalons' removal is clearly untimely. However, because HSBC did not object to the removal on the basis of untimeliness, we cannot remand the action on that ground.